AO 91 (Rev. 11/11)   Criminal Complaint                                                                                           AUSA Czerniejewski

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Ohio

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Hector VELANDIA-ANAYA | ) | Case No. 2:25-mj-638 |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __November 2, 2025__ in the county of __Franklin__ in the __Southern__ District of __Ohio__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 111(a)(1) | Assaulting, Resisting, or Impeding a Federal Officer |

This criminal complaint is based on these facts:

See attached Affidavit

☑ Continued on the attached sheet.

DAVID M KRAUSS
*Digitally signed by DAVID M KRAUSS*
*Date: 2025.11.06 11:17:17 -05'00'*

*Complainant's signature*

David Krauss, HSI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: November 6, 2025

Kimberly A. Jolson
United States Magistrate Judge

City and state: Columbus, Ohio

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**In the matter of:**                           :

**United States of America**                    :        Case No.: 2:25-mj-638
  v.                                   :
**Hector VELANDIA-ANAYA**                       :        Magistrate Judge: Jolson

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, David Krauss (Your Affiant), a Special Agent (SA) with Homeland Security Investigations (HSI), being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit to show that probable cause exists to believe that on November 2, 2025, in the Southern District of Ohio, Hector VELANDIA-ANAYA, violated 18 U.S.C. § 111(a)(1) – Assaulting, Resisting, or Impeding a Federal Officer.

2. I am a special agent with HSI, and I have been employed with HSI since January 3, 2023. I am assigned to the Homeland Security Task Force at the HSI Columbus, Ohio Office of the Assistant Special Agent in Charge. I am an investigative or law enforcement officer of the United States, within the meaning of 18 U.S.C. § 2510(7) and empowered by law to conduct investigations of and to make arrests for offenses in violation of Title 18 of the United States Code.

3. I am a graduate of the Criminal Investigator Training Program and the Homeland Security Investigations Special Agent Training Program. Prior to my role as a special agent and beginning August 3, 2018, I was employed as a police officer with the City of Springfield, Ohio Division of Police. On December 20, 2021, I was promoted to the rank of police sergeant.

4. The information set forth in this affidavit is based upon my knowledge, training, experience, and participation in investigations involving assault and resisting arrest. This

information is also based on the knowledge, training, experience, and investigations conducted by fellow law enforcement officers, which have been reported to me either directly or indirectly. Additionally, this information is based on interviews of victims and witnesses and the review of surveillance footage. Where the contents of documents, surveillance footage and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated. I believe this information to be true and reliable. This affidavit is intended to show merely that there is probable cause for the requested criminal complaint and arrest warrant and does not set forth all my knowledge about this matter. I did not withhold any information or evidence that would negate probable cause.

5. I know it is a violation of 18 U.S.C. § 111(a)(1) for any person to forcibly assault, resist, oppose, impede, intimidate, or interfere with any person designated in section 1114[1] of this title while the officer is engaged in or on account of the performance of their official duties.

## FACTS SUPPORTING PROBABLE CAUSE

6. On or about November 2, 2025, HSI Columbus received information from U.S. Immigration and Customs Enforcement (ICE) Enforcement and Removal Operations (ERO) regarding an illegal alien, Hector VELANDIA-ANAYA, who had attempted to flee from ERO officers earlier that day. More specifically, HSI learned VELANDIA-ANAYA was in his vehicle when he attempted get away from law enforcement. VELANDIA-ANAYA fled, dragging two ERO officers who were investigating him a short distance until they were able to get him to stop the vehicle.

---

[1] Section 1114 covers "any officer or employee of the United States or of any agency in any branch of the United States Government… while such officer or employee is engaged in or on account of the performance of official duties, or any person assisting such an officer or employee in the performance of such duties or on account of that assistance[.]" 18 U.S.C. § 1114.

7. Law enforcement with HSI interviewed the ERO officers involved and other deportation officers as witnesses regarding this incident. Officer A, Officer B, and Officer C were on duty deportation officers with ICE ERO, an agency of the United States Government, at the time the incident with VELANDIA-ANAYA took place.

8. The investigation revealed that on or about November 2, 2025, ERO officers were conducting surveillance for a targeted enforcement operation in Columbus, Ohio when they observed a grey 2005 Toyota Corolla Matrix bearing Ohio registration KOD6803. Based on law enforcement records checks, ERO officers determined the registered owner of the Toyota Corolla was a Venezuelan male who had illegally entered the United States. Officers then observed the vehicle was being operated by a Hispanic male and that a female was the front seat passenger[2].

9. At approximately 9:00 AM, suspecting the driver was the registered owner, Officer A initiated a vehicle stop on the Toyota Corolla near 775 Schrock Road, in Columbus, Ohio, which is within the Southern District of Ohio. Officer A's vehicle was equipped with flashing red and blue lights, which were activated during the vehicle stop.

10. VELANDIA-ANAYA was the driver of the vehicle at the time it was stopped. Officer A approached VELANDIA-ANAYA on the driver's side of the Toyota Corolla and Officer B approached the vehicle's passenger side. Both deportation officers were wearing ballistic vests with police identification patches. Those vests were later photographed, and Officer A's vest is

---

[2] The female front seat passenger was later identified as Andresa MACHADO-FIUZA, a Brazilian citizen illegally present in the United States, who was assigned Alien identification number 220 835 049.

depicted in the cropped photograph on left below and Officer B's vest is depicted in the cropped photograph on right:

 

11. Upon approaching the vehicle, Officer A asked VELANDIA-ANAYA for his identification and further inquired into his alienage. VELANDIA-ANAYA was also asked to turn the vehicle off and complied with Officer A's request to do so by turning the key in the ignition. VELANDIA-ANAYA identified himself as Hector VELANDIA-ANAYA via a photograph of an Ohio driver's license on his phone. He also stated he was born in Venezuela and admitted he entered the United States illegally. Law enforcement records checks further revealed VELANDIA-ANAYA's Alien identification number was 240 858 229 and confirmed VELANDIA-ANAYA entered the United States illegally.

12. Upon learning of the identity and immigration status of VELANDIA-ANAYA, Officer A told VELANDIA-ANAYA that VELANDIA-ANAYA would have to come with the ERO officers to do some paperwork. Officer A asked VELANDIA-ANAYA to step out of the vehicle and then opened the unlocked driver's door to assist him in doing so.

13. At that point, VELANDIA-ANAYA immediately pulled the front driver's side door shut then turned the key in the ignition to restart the vehicle in an attempt to flee. Officer A

responded by re-opening the driver's side door. In order to keep VELANDIA-ANAY from driving away, Officer A partially climbed into the vehicle on top of VELANDIA-ANAYA in an attempt to shut off the vehicle, attempting to remove the keys from the ignition at the same time.

14. Officer B, who was still standing on the passenger side, also recognized that VELANDIA-ANAYA was attempting to flee in the vehicle. To keep him from fleeing, Officer B climbed into the passenger seat to attempt to stop VELANDIA-ANAYA from putting the vehicle into drive. During this, Officer B gave multiple commands for VELANDIA-ANAYA to stop the vehicle, both in English and Spanish, which VELANDIA-ANAYA failed to comply with.

15. VELANDIA-ANAYA then placed the vehicle in drive with both Officer A and Officer B inside his vehicle. VELANDIA-ANAYA pressed the accelerator, causing the vehicle to travel forward approximately five to ten feet. During that acceleration, Officer A felt one of his feet dragging along the pavement. Officer A was able to put his other foot, which was still inside the vehicle, on the brake of VELANDIA-ANAYA's vehicle. At the same time, Officer B wrestled with VELANDIA-ANAYA's right hand over control of the gear shifter. Officer B was attempting to get VELANDIA-ANAYA to shift the vehicle to park instead of drive. During this, VELANDIA-ANAYA continued to press the accelerator, revving the vehicle's engine.

16. Officer C, who had approached the Toyota Corolla with Officer A and Officer B, climbed in the back seat of the vehicle to assist Officer A and Officer B in controlling VELANDIA-ANAYA. Despite VELANDIA-ANAYA accelerating the vehicle forward, Officer A, who was still partially in the vehicle, was able to shut the car off and remove the key from the vehicle's ignition.

17. The officers removed VELANDIA-ANAYA from the vehicle, handcuffed him, and transported him to the ICE ERO Columbus office in Westerville, Ohio. ERO processed

VELANDIA-ANAYA and served him with a notice to appear before an immigration judge for entering the United States without inspection by an immigration officer. VELANDIA-ANAYA was detained in ICE custody pending a hearing with an immigration judge. Law enforcement records checks revealed VELANDIA-ANAYA did not have permission from the United States Attorney General or the Secretary of the United States Department of Homeland Security to enter the United States.

18. Law enforcement with HSI obtained surveillance footage of the same incident mentioned above. I reviewed the footage, which corroborated the statements of the ERO officers. The footage generally depicted ERO officers conducting a vehicle stop of the Toyota Corolla. The footage depicted Officer A climbing on top of VELANDIA-ANAYA in the driver's seat and Officer B climbing into the front passenger seat immediately before the vehicle drove forward, backward, and then forward again before coming to a stop. After that, the ERO officers removed VELANDIA-ANAYA from the driver's seat and MACHADO-FIUZA from the front passenger seat.

## CONCLUSION

19. Based on the facts set forth in this affidavit, there is probable cause to believe that on or about November 2, 2025, in the Southern District of Ohio, Hector VELANDIA-ANAYA committed the violation of 18 U.S.C. § 111(a)(1) – Assaulting, Resisting, or Impeding a Federal Officer. VELANDIA-ANAYA did forcibly assault, resist, and impede with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties. Therefore, your affiant respectfully requests this court issue a criminal complaint and arrest warrant.

DAVID M KRAUSS
Digitally signed by DAVID M KRAUSS
Date: 2025.11.06 11:16:10 -05'00'

David Krauss
Special Agent
Homeland Security Investigations

Subscribed and sworn to me by telephone on this  6th  day of  November , 2025.

_____
Kimberly A. Jolson
United States Magistrate Judge